**PLAINTIFF MOTION SOLICITATION OF JUDGEMENT BY THE COURT- RULE 54.**

Federal Matter- Intellectual Property Infringement-Copyright and Patents

Plaintiff PROSE: Evelyn Laureano Osorio, Carolina 00987, Puerto Rico

CASE: CASE-3:23-cv-01397-ADC

Defendants: THALES DIS -Corporation -THALES USA, THOMA BRAVO L.P., APPLE Corporation and GOVERNMENT OF PUERTO RICO.

May 20, 2024

**INTRODUCTION TO JUDGEMENT SOLICITATION**

The Plaintiff respectfully is doing a solicitation to the Federal Court District of Puerto Rico and to the Honorable Aida Delgado Colon to do a Judgement in this case of Copyright and Patent Infringement Law as Rule provides, 54-part (b) Judgment on Multiple Claims or Involving Multiple Parties and part (c) Relief demanding in the pleadings.

(b) When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(c) Demand for Judgment; Relief to Be Granted. A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings.

Procedures:

The Plaintiff is following the Procedures for Supporting Factual Positions doing a citation of the docket number, exhibits and affidavits material in record to abord and test with evidence

1

of different infringement claims modalities by different defendants in this case since the beginning with Complaint. The purpose of the Solicitation of Judgement is about infringement of copyright and patent Laws codes by defendants. The solicitation is at the Federal Court D-1 of Puerto Rico to put in effect and order regarding infringement modalities on intellectual property.

The Plaintiff is doing a Solicitation of Law application of Patent and Trademark Office Federal Law (35 USC §123(a)) about the (15 CFR 123(a)) protection of inventors and the United States. The legal statutes are "The Computer Software Copyright Act ("CSC Act") of 1980 adds a definition of "computer program" to the 1976 Copyright Act.2. 2 Based on its legislative history, the CSC Act of 1980, "clearly [applies] the 1976 copyright law to computer programs. Consequently, computer programs are a "work of authorship" subject to copyright protection".

This case represents a significant example of Copyright and Patent Law infringement. It examines and demonstrate with evidence different modalities of Copyright and Patent Infringement. It can be discussed in the academia and experts in Intellectual Property (IP) to improve the knowledge and understanding of causing damages to the state of of Law, population of a society and inventors.
Inventors have protection by current state of Laws in a context of a development a product to sustain the economy, the delivery and receiving, services by the population as users of the internet in the New Digital Era. The case includes the effect of infringement and the provisions of the Copyright, and Patent Law to protect the inventor in:

    a) The First to File in the invention give a guarantee to inventor intellectual property and allowance to apply for a patent in the United States Patent and Trademark Office (Apple Corporation).

b) The Copyright of an idea is a first step to protect the author and it's including computer and digital new ideas as well as the Patent Law Code and International Cooperation Treaties. The use and copy of a proved and granted Patents by infringers of an invention. Even though, we are a Territory of USA we the people of Puerto Rico have protection under Law and treaties in USA and outside. The treaties give protection to the inventor ideas from the violation of inventor rights outside the USA. (THALES DIS, USA)

c) Government of a Territory of USA must work their policies understanding Copyright and Patent Laws are to protect inventors' original ideas and honoring Federal Law and regulations with the private inventor sector, individual and organizations. (Government of Puerto Rico).

d) Infringement has different modalities as contributory and indirect actions which case damage to inventors (Thoma Bravo, L.P.).

The invention title is: 'Officially Authorized Identification Digital Cards" a software system to transform plastic identification to virtual or digital identification to help in the delivery of social services, economic transaction, crime, and migration control and valuable for 20 years and 150 countries.

Defendants are Apple Corporation, Thales DIS-USA, Government of the Commonwealth of Puerto Rico and Thoma Bravo L.P. have been and are infringers of the Copyright of May 23, 2012, number, TXU001803905 and with an Application of April 6,2015 with three approved patents. Plaintiff's Patent Numbers are US 10,755,265 B1, August 25, 2020, Patent Number- US 11,126,999 B1, September 21,2021, Patent Number- US 11,610,196 B1, March 21, 2023.

In this case the ideas and system developed by the inventor of Virtual Identifications technology has been transferred (stolen, copied) without authorization to France, United Kingdom, Canada, India, Africa, Australia, Brazil, Chile, United Kingdom, Netherland, Argentina and others Latin America countries as announced in their news in website and media as LinkedIn. This is in violation of the: 10 U.S. Code § 903a Art. 103a. Espionage | U.S. Code | US Law.

In a review to look the last decisions the Copyright Law and the Office standards or author's right protection, covered works by copyright range from books, music, paintings,

sculpture, and films, to computer programs, databases, advertisements, maps, and technical, drawings.

"The Economic Espionage Act of 1996 criminalizes trade theft under two sets of Circumstances: a) Economic Espionage: Refers to the theft of a trade secret "intending or knowing that the offense will benefit any foreign government, foreign instrumentality, or foreign agent. b) Trade Secrets: Addresses theft "that is related to a product or service used in or intended for use in interstate or foreign commerce, to the economic benefit of anyone other than the owner thereof and intending or knowing that the offense will injure any owner of that trade secret."

It is necessary among local governments, Intellectual Property International Organizations and World Organizations (WIPO) Cooperation, to work together with the USPTO to stop influencers, in traffic Intellectual Property (IP) because improper businesses behavior and delinquency and Espionage as the Patent Law stablish. International Organizations Law is looking for stopping individuals in doing copy because it is a violation of the 10 U.S. Code § 903a - Art. 103a. Espionage | U.S. Code | US Law.

The Plaintiff pledge to the Federal Judicial System in Puerto Rico District 1 to do a prompt Judgement to stop the expansion of infringement by other individuals, countries and defendants. The plaintiff pleadings claim for the of Law to inventor and the relief after 10.5 years-months of work in patents with innumerable incidents and inconveniences and to put her out from a dangerous life scenario and apply the Laws. It is not acceptable in modern era the infringement of technology product or any other type, prohibited by United States Codes of Law. The society is in a time of different social, economic and political decisions, but these cannot stop the protection of the Plaintiff.

A comparative analysis and description of the product as well as cost analysis and market Value and scenarios with price have been calculated and projected in exhibits are explained in the Complaint (docket# 22).
The state of the Law on date and time of the Copyright and Patents give protection to the

inventor according to Property (IP) Clause, also known as the "Patent and Copyright Clause" refers to Article I, Section 8, Clause 8 of the United States Constitution and Law. Direct infringement is defined by 35 U.S.C. § 271 of the U.S. patent law and essentially occurs, among individual or entity actively engages in a prohibited use of someone else's patented, property. The Plaintiff solicitation is to give the proper compensation relief and give the corresponding protection to inventors from the mentioned scenarios. The Court is who can do a citizen justice on right violation or who can defense her rights using the Laws which give protection is the Copyright and Patent and Trademark Law in a Territory. The Federal Court District 1, Puerto Rico must use the power of the Law and it is discretionary to decide whether and when is the application in Law.


**ADDRESS OF THE INFRINGEMENT FACTS BY EACH DEFENDANTS**

The Plaintiff states in (Docket # 22) Complaint Amended and explain pleading with details the content of the Copyright and Patent Infringement and, what are the claims for relief since August 8. 2023. Plaintiff copyright, the origin of the idea is since 2012, and since 2015 three-part Patents. The plaintiff submits Application, which was allowed and a publication by the United States Patent and Trademark Office (USPTO) in year 2017.

After, it was approved and granted by the USPTO in years 2020, 2021,2023 for 150 countries, for 20 years. Plaintiff's Patent Numbers are US 10,755,265 B1, August 25, 2020, Patent Number- US 11,126,999 B1, September 21,2021, Patent Number- US 11,610,196 B1, March 21, 2023.

First, when a patent application is allowed, it means that the United States Patent and Trademark Office (USPTO) has examined the application and determined that it meets all statutory requirements. In such cases, a notice of allowance is sent to the applicant.

This notice indicates that the application has been approved, and the patent is on its way to being granted.

Second, when a patent application has been allowed, the USPTO will send a Notice of Allowance. This document outlines a 3-month deadline within which the inventor must pay the issue fees. Additionally, the Notice of Allowance includes a separate page called the Notice of Allowability, which provides the Reasons for Allowance.

Third, the America Invents Act changed this rule in 2013. Now, the applicant who first files their patent application receives priority. (There may be exceptions in some cases involving patents with multiple claims or foreign patent registration dates.) This system brings the U.S. into accordance with most foreign patent systems. As a result, an inventor no longer can get a patent in the U.S. on the basis that they invented a product or process before anyone else did.

## A-The Case of Defendants APPLE Corporation

The Plaintiff was the first to file in Copyright and Patent Application and allowance in the idea, to do a patente to protect her innovation over APPLE Corporation.

Passed in 2011, the AIA changed how priority is determined, by converting, U.S. patent system from a first to-invent, to a first inventor-to-file system.  Pub. L. No. 11229, 125 Stat. 284.  Under the first-to-invent system, the first person to invent a claimed invention had priority and was entitled to a patent.  See pre-AIA1 35 U.S.C. § 102(g) (Docket#100).

The Complaint Amended was in Docket #22 of November 6, 2023, and two months after the United States Marshal Office did the Summons process on January 31, 2024, Docket# 41. Defendant appearance was in February 27 of 2024 (Dock #50 and #62). After, appears the Corporation arguments, on April 5, 2024. The first complaint began in 2021 and APPLE was Summoned with a company in California who visit Apple Building. The Plaintiff mailed the Corporation in three occasions with mail receipt, and APPLE Corporation never response.

The Hon. Federal Court and Judge Aida Colon have to be in knowledge APPLE Corporation Applied late than the Plaintiff, effective in 2019 to a patent approved in 2021 with

Plaintiff idea, subject matter, and claims.

The Plaintiff Patent attorney at this time was a different one and after a year having copy of Plaintiff documentation, he proclaimed a Conflict of Interest, having APPLE Corporation as client. The evidence is clearly explained in Docket # 22- pages 8,9 and 10.

The FRCP RULE 12 (b-3) (b-6) refers to Improper venue. The Plaintiff case was presented, in year 2022, in the Federal Court and reviewed by District 4 Boston by William G Young, with a dismiss without prejudice giving the opportunity to the inventor to appeal or present a Complaint Amended.

The Plaintiff did an analysis of principal variables to validate Infringement by Apple Corporation and it was presented in a Comparative Table in Complaint Amended docket 22- pages 25,26 and 27. The Table shows the negligence for infringement in considering subject matter and claims. The analysis includes a comparison principal variable which define both patents, Plaintiff and Defendants. The document shows the defendants differences in date and allowance of the USPTO to the plaintiff application as the first to file.

The Plaintiff pleading to relief for damages by Apple, since Plaintiff idea, subject matter and claims where first and Apple conceptualization of their patent is the same in a 90% and presented after the original inventor.

The Plaintiff got knowledge APPLE Corporation infringement by local newspaper and media About their Provisional Patent and publication dated on April 6, 2021, in the USPTO patent data bank.

The Plaintiff patent was approved in three parts and began before on: three-part patents, since 2015 application Nonprovisional and approved and granted by the USPTO in years 2020, 2021,2023 (two parts) for 150 countries for 20 years. Plaintiff's Patent Numbers are:

US 10,755,265 B1, August 25, 2020, Patent Number- US 11,126,999 B1, September 21,2021,

Patent Number-11,610,196 B1, March 21, 2023.

The analysis comprehends the following: Patent priority establishes who is entitled to a patent on a particular invention claimed by different parties.

Passed in 2011, the AIA changed how priority is determined, by converting, U.S. patent system from a first to-invent, to a first inventor-to-file system. Pub. L. No. 11229, 125 Stat. 284. Under the first-to-invent system, the first person to invent a claimed invention had priority and was entitled to a patent. See pre-AIA1 35 U.S.C. § 102(g).

The only difference of all APPLE Corporation a Cybersecurity what they called a "Verification Techniques", which is considered different to the technique of the Plaintiff Patents of "Officially Authorized Virtual Identification Cards". The Plaintiff methodology use a statistical coefficient, measurement to test reliability of the user's digital identity for the use of a coordination between Government and those private sector, non-profit organizations, authorized by the government. The defendant's work does not constitute an innovation. As a matter of facts, it may be a tool to give protection to the Plaintiff concept idea of the subject matter and the claims. Both patents the Plaintiff Ms. Laureano and APPLE Corporation were approved by the USPTO under different examiners and directors.

**B- The case of Defendants Thales DIS-USA**

THALES DIS, USA is a part of France multinational successful business with multiple services and business in aerospace and other business and in partnership with many corporations did the acquisition a couple of months back in November 2023 of Gemalto and more other companies which priorly have other names which recently and after plaintiff copyright and patents started to work with digital identifications. I wrote to them priorly to stop the infringement on time by Safran Morpho Trust in year 2016 and the last one was GEMALTO.

**Thales DIS is a Corporation with Headquarters in France and USA and have published
they are the owner Globally of plaintiff invention** in which she invest all savings and took
loans for 10.4 years and months to pay the USPTO fees, all the examiners, engineers, and
attorney's fees, too. This information was explained with evidence priorly, and they present
new one as well as they amplified their business in different and more countries
internationally, there are people involve in the work of international misconduct and copy the
idea as the Patent Law stablish. This is in violation of the: **10 U.S. Code § 903a - Art. 103a.
Espionage | U.S. Code | US Law:**

"**The Defend Trade Secrets Act of 2016 (DTSA) amended the Economic Espionage Act to
establish a private civil cause of action for the misappropriation of a trade secret. This cause
of action provides trade secret owners with a uniform, reliable, and predictable way to
protect their valuable trade secrets anywhere in the country. The DTSA does not preempt
existing state trade secret law, thus giving trade secret owners the option of state or federal
venues.**

**U.S. courts can protect a trade secret by (a) ordering that the misappropriation stop, (b) that
the secret be protected from public exposure, and (c) in extraordinary circumstances, ordering
the seizure of the misappropriated trade secret. At the conclusion of a trade secret case,
courts can award damages, court costs, reasonable attorneys' fees and a permanent
injunction, if warranted.**"

**I explained priorly with basis in evidence about the infringement of THALES DIS, USA.
The Complaint describes verifiable facts and the exhibits with an affirmative defense and
perfectly proper pleading about THALES DIS defendant and infringer.**

**First, the Plaintiff pleading go directly that her invention which is protected by the
Intellectual Property (IP) Clause, also known as the "Patent and Copyright Clause" refers to
Article I, Section 8, Clause 8 of the United States Constitution, which grants Congress
enumerated power "To promote the progress of science and useful arts, by securing for
limited times to authors and inventors the exclusive right to their respective writings and
discoveries."**

Second, <u>the Court must put in The Balance of Justice the violation and copy of the content in a</u> <u>90% all the methodology categories and text of the Plaintiff,</u> they commit the infringement of the Patent and Trademark Office Federal Law (35 USC §123(a)) about the (15 CFR 123(a)) protection of inventors and the United States. (Docket #35 and Exhibit 2- A Comparative Table of Claims).

Third, The Plaintiff pleading to the Honorable Court D-1 Puerto Rico, is to protect her from infringement of the Copyright Law to protect inventors contained in chapters 1 through 8 and 10 through 12 of Title 17 of the United States Code. The Copyright Act of 1976, which provides the basic framework for the current copyright law, enacted on October 19, 1976, as Pub. L. No. 94-553, 90 Stat. 2541.

Fourth, the actions of violation of the Laws by defendants caused to the Plaintiff obstruction, to be properly at the market of brokers of Intellectual Property, damages, and cost. She pledges for the corresponding relief with a proper compensation. Her relief must be granted, using the eyes of Justice and the true, without subterfuges regarding the infringement of Copyrights and Patent Federal Law which is the case about.

The pleadings are according Federal Rules of Civil Procedure 8, 10(b), and 12(b)(6) and (ii) for proper venue under Rule 12(b)(3) and 28 U.S.C. § 1400(a) and (b).

Fifth, the Plaintiff denied and states she move and very quick and efficiently in stopping all the infringers of the Law at the same time and quickly after her last part of the Patent on March 20, 2023, was approved by the United States Patent and Trademark Office (USPTO) and according to the Order of the Judge Aida Delgado Colon and responding to the rules mandate" Fed. R. Civ. 12(b)(6).

The Plaintiff present in the amended complaint quickly with sufficient factual matter to state her claims to relief and are plausible at the face of the Justice Law and FRCP. Gogos v. AMS Mech. Sys., Gogos v. AMS Mech. Sys., Inc., 737 F.3d 1170, 1172 (7th Cir. 2013) (per curium)

(alterations omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Applying this standard, the Court should accept all well-pleaded facts in the complaint as true and then ask whether those facts state a plausible claim for relief. See id. at 679; Santana v. Cook City. Bd. of Review, 679 F.3d 614, 620 (7th Cir. 2012)".

(Docket #38 THALES DIS, USA , pages 11-17 and pages 26-30).

As well a court may only grant a motion to dismiss under Rule 12(b)(6) only if the counterclaim lacks "enough facts to state a claim to relief that is plausible on its face" and that "raises a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). See also, Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010).  Thales DIS, USA start since year 2015 to take advantage and increased their business profit do it to the importance, relevance, and value of the Plaintiff intellectual property, not only to Puerto Rico but to the World, but doing damages to my professional and personal life as a female. In the Complaint Amended are exhibits letters I send to the attorney of Safran Morpho Trust name before and fusion of business, in this process and in year 2020 as their Report of sales shows THALES began working with digital identification and security with profits of billions of dollars. They changed their name and work together with Gemalto, Morpho and Nvidia and announced doing business with my idea. (Docket 22 and Exhibit 4 Comparative Table of Infringement).

https://www.thalesgroup.com/en/markets/digital-identity-and-security

The letter to Safran Morpho Group in year 2015 and 2016 ask to stop using my copyright and patent application. This company was a subsidiary of Safran Identity & Security, which was a part of Safran Group. In 2017, Safran Identity & Security was acquired by Advent International and renamed IDEMIA. On this year's Thales Corporation was specializes in aerospace, defense, security, but also in digital identity. They use Plaintiff idea and infringed copyright

and patents without authorization. THALES Corporation have been using and infringing my Copyrights and Patents and declared publicly through Mr. Caine, Chairman & Chief Executive Officer their increasing profit since years 2019 – 2024.  Thales' strong sales momentum in its various markets their strong performance of the Digital Identity & Security operating segment.

They include the same idea, and categories of work and conceptualization described in copyright, patents and two websites information attached, of the Plaintiff.

https://www.thalesgroup.com/en/group/investors/press_release/thales-reports-its



2023 half-year-results THALES have doing infringement at them states: "Our identity management and data protection technologies help banks exchange funds; people cross borders, energy become smarter and much more" (citation) All their languages explanation and claims as owners of these corporation is from the Plaintiff. They copy text and describes plaintiff invention subject matter and claims, purposes of copy of Copyright and Patents as well Plaintiff website information. Read at:

https://www.thalesgroup.com/en/markets/digital-identity-and-security

They have more than 30,000 organizations on THALES solutions are the same to verify the identities of people and things. THALES acquired company Gemalto named as Safran Morpho Trust, Morpho Group, and more other multiple names up to Gemalto. In early 2019, we acquired the international security company Gemalto and combined it with our existing digital assets to create a new leader in digital security.

https://www.thalesgroup.com/en/markets/digital-identity-and-security/government/digital

The Plaintiff has working for 10.5 years and months in the preparation of the best and innovative ideas in these patents approved by the Department of Commerce of the USA and the United States Patent Office, their examiners, and engineers and Plaintiff attorney and

engineers. THALES Infringement to Plaintiff copyrights and Patents: they copy in an improper manner the Subject Matter, Digital Identity management. It is obvious they don't follow a proper way to deal with the inventorship of the Plaintiff from Puerto Rico, USA.

The Copyright Law known as "The Computer Software Copyright Act ("CSC Act") of 1980 adds a definition of "computer program" to the 1976 Copyright Act.2. 2 Based on its legislative history, the CSC Act of 1980, "[applies] the 1976 copyright law to computer programs. Consequently, computer programs are a "work of authorship" subject to copyright protection". In a review to look the last decisions the Copyright Law and the Office standards or author's right protection, it is a legal term used to describe the rights that creators have over their literary and artistic works. Works covered by copyright range from books, music, paintings, sculpture, and films, to computer programs, databases, advertisements, maps, and technical drawings.

https://www.copyright.gov/circs/circ33.pdf



The true is THALES DIS, USA  they did a copy of Plaintiff work and the evidence is Docket #38 exhibits 11-17 and 26-30).

In a respectfully response and informing the Hon. Aida Delgado Colon, Judge, and the Federal Court District 1 of Puerto Rico, we have a Copyright Act to the protection of Software and Computers creation in the way to be consistent with the Constitution of the United States Clause number Eight (8) to protect invention and creation to support the society and the economy.  The Copyright text is part of the exhibit #38 in the Complaint.

"The Computer Software Copyright Act ("CSC Act") of 1980 adds a definition of "computer program" to the 1976 Copyright Act.2 Based on its legislative history, the CSC Act of 1980 " [applies] the 1976 copyright law to computer programs. Consequently, computer programs are a "work of authorship" subject to copyright protection".

Copyright covers both published and unpublished works. What does copyright protect? Copyright, a form of intellectual property law, protects original works of authorship including

literary, dramatic, musical, and artistic works, such as poetry, novels, movies, songs, computer software, and architecture.

Since then, the TRIPs agreement requires all adhering states to protect computer programs as literary works under the Berne Convention we have in legal example, the Google v. Oracle case., the Supreme Court narrowly focused on the specific facts of the parties' software copyright dispute. Acknowledging the fast-changing pace of modern technology, the Court stated that "[it] should not answer more than is necessary to resolve the parties' dispute." For added measure, the Court held that a case does not change the "nature of traditional copyright concepts" for computer software (2020).

This is a Supreme Court comment, so it will quintessentially be quoted countless times at various levels of the nation's legal system. The Supreme Court do not intend to restrict the case's precedent, or was it "not answering more than is necessary to resolve the parties.

## C- The Government of the Commonwealth of Puerto Rico-A Territory of USA (PRGT)

This case is no speculative for the contrary is full of evidence about damage to the Plaintiff, the social services, economy, and legal history to Puerto Rico, the fiscal and economic situation and, the people of Puerto Rico. This means the government of Puerto Rico let's go billion funds because the lack of attention and negligence by agencies in charge and their executives.

The inaction leaves the door open to others private individual, corporation and governments to copy and use the Intellectual Property of the Plaintiff.

The Island in the Caribbean Region is a Territory Not Incorporated with a Constitutional status of Commonwealth of the Government of Puerto Rico with social and economic advantages and disadvantages as last opinion in Law and under the Congress of the United States.

Clause 8 of the United States Constitution, which grants Congress the enumerated power "To promote the progress of science and useful arts, by securing for limited times to authors and

inventors the exclusive right to their respective writings and discoveries."  Puerto Rico is not a state, and it is clear, we are a Territory and the use of the Constitution Eleven Amendment have exemption, to be use properly and as an attemperator of our digital technology time and status:

"Courts may open their doors for relief against government wrongs under the doctrine that sovereign immunity does not prevent a suit to restrain individual officials, thereby restraining the government as well. The doctrine is built upon a double fiction: that for purposes of the sovereign's immunity, a suit against an official is not a suit against the government, but for the purpose of finding state action to which the Constitution applies, the official's conduct is that of the state".

Still there are controversies in the Supreme Court, about the sovereign immunity. Also, I ask do we can solve this complaint by ourselves as a territory in the Federal District Court or we must check Title III of Puerto Rico Oversight, Management and Economic Stability Act (PROMESA). 48 U.S.C.SC. $$ 2101.

 The government of the Territory of Puerto Rico (PRGT) failed and was in error doing an interruption to the Plaintiff, having knowledge of Patents. They erred against the Law and stop the development and marketing of the Plaintiff invention.

A newspaper article report PRITS agency interchange of information with the first defendants, APPLE Corporation. They used the Plaintiff information to do a type a digital driver license and published in local newspaper they were the owner of the original idea. The CESCO Digital, Puerto Rico Information Technology Service (PRITS) collected around $50.0.

The Local Government and Agencies and Executives left behind the people of Puerto Rico without any virtual identification of the driver license because it was canceled by default under the patent Law, the people can't use any more the digital ID and moreover, out of Puerto Rico. The United States still do not have a patent and executive policies regarding the Virtual Identification (Docket #35 and Docket 38-1, pages 60-63).

On last March 23, 2024 the patent of the Plaintiff is waiting for the corresponding Federal Court Judgement to start the implementation as well as happening in other states using the Plaintiff idea, because the erred action of the Government of Puerto Rico Territory.

The idea of using the copyright and Patents of the Plaintiff by two term (2016-2023) and five years (2019-23) governments were negligent to look for an alliance with APPLE Corporation according to PRITS announcement to the local press. Apple visit Puerto Rico and at the same time when APPLE Corporation was suiting the Plaintiff.

The defendants try to cast shadows and silence the Plaintiff intentionally or because an error of the executive power or to follow a different strategy which only them have knowledge about. It only gives the Plaintiff a theory that they have a plan, and they want to take the merit and take the benefit.

The Motion of defendants is very superficial and do not consider the context differences and circumstances of the Plaintiff Legal Case of Patents and Copyright Federal Law and the facts of the Complaint of Dr. Evelyn Laureano.

The Plaintiff did the following Questions to Defendants without a response:

1-Do you think it is proper to go and speak with a pronunciation to the press or the Federal Agency Department of Commerce, United States Patent and Trademark Office with and argument like the one you present (already is in record) or maybe you want to put Puerto Rico in the patent field with a legal opinion like this?

2-Are these your substantive comments to dismiss a complaint for infringement?  Do you want to put Puerto Rico in the spot of the press and ask the USA Federal Department of Commerce and the United States Patent Office to call all of you to testify against the Patent and Trademark Office Federal Law (35 USC §123(a)) about the (15 CFR 123(a)) protection of inventors and the United States?

3-Do you want to testify at the Copyright Office about the pertinence of the copyright law to protect inventors? contained in chapters 1 through 8 and 10 through 12 of Title 17 of the

United States Code. The Copyright Act of 1976, which provides the basic framework for the current copyright law, was enacted on October 19, 1976, as Pub. L. No. 94-553, 90 Stat. 2541.

4- Do you want to ask and give a testimony to the Office of Technology of the White House and tell the Hon. President Joe Biden the Patent Law do not work and do not protect inventors?

The Plaintiff allegation and data to validate Infringement by the Government of Puerto Rico have been presented in exhibits of the Complaint docket #22 and #38, and it was enought announced publicly to the population, and the government collect funds since 2019-2023 for a product that is not working.

The Government of Puerto Rico infringed the Plaintiff invention behind and in the front of her face and on the face of the population for a quantity of 30.4 million and after close to 20.0 million more. It occurs after communications with the Government of Puerto Rico through meetings, letters remote conferences, phone calls, TV channels, newspapers, and Radio.

It was an infringement of the Copyright and Patent Law. The Government did allegation In the press through the Puerto Rico Information Technology Service (PRITS) and the Department of Transportation executives' new digital invention announcement and newspaper of the CESCO digital and the driver license identification invention. The infringement occurred since 2019 up to 2023.

Since the Copyright in 2012 and the first Application of the Patent (2015) and after the last Patent was published (2019- 2023) infringers appear doing declarations of ownership over the System that the inventor creates, an integration of technology and with different parts of the digital identifications, named "Officially Authorized Virtual Identification Cards". The system transforms plastic identification card to Virtual in Identifications, in a digital platform including face identification, demographic data, biometric information, iris recognition, fingerprints, Authentication and Cybersecurity Platform, scanner, and more attributes.

17

The United States Patent and Trademark Office have a data bank of

millions of Patent Application which they use to review if there are any other equal and

similar in parts in the market, to avoid error and repetition. They check the innovation vs the

prior technology or scientific arts.

Defendants intentionally missed their perspective to recognize the historical precedent in the

world of invention that Puerto Rico have been the only country with a woman invention of"

Officially Authorized Digital Identification Cards" to help in the delivery of social services,

economic transaction, crime, and migration control, never imagined by technology

organizations and experts and valuable for 20 years and 150 countries.

Defendants committed an intentionally error having previous knowledge of the historical and

benefit for the World Society including the United States of America and one of the Territory

of USA, Puerto Rico. They did an improper action, having prior knowledge and do copy in all

principal categories of Copyrights and Patents -means; Subject Matter-Digital Identification,

Demographic data, Biometric Data, Face Id, Authentication and Cybersecurity Platform. The

Government of Puerto Rico failed was negligence and not doing a public policy on time and

amplify the opportunity that will give to the Island the patents value to pay the Fiscal crisis

debt and to go to the market capital. (Docket # 38-1 Letter to Governor-Pages 60-63).

### D- The case of Defendants Thoma Bravo L.P

The Plaintiff ask in a second opportunity to Thoma Bravo L.P., (Docket #79 and #100) to

response questions in a proper manner, the Complaint Amended docket# 22, presented by

the plaintiff. They did not response as a responsibility to clarify if Thoma Bravo L.P. do

business with Corporations, Imperva Corp, Pin Inc, and ForgeRock working with "digital

Identification", after got knowledge about the Patents by the Plaintiff through a letter the

Plaintiff wrote to Thoma Bravo,L.P. last June 20, 2023 ( Docket 8-1 page 6), attached at the

Lawsuit case, on August 8,2023 and he wrote in LinkedIn media about the acquisition of

Corporations. (1/23/24 Dock #38, Exhibit 1, pages 64,65,66, and 67 about the promotion and

Inducement to using the subject matter and claims of Plaintiff.

According to the 35 U.S. Code § 271 - Infringement of patent citation protect the inventions, and the contents of the ideas, subject matter, and claims. The defendants must explain, clearly with evidence and in an exculpatory way if Thoma Bravo L.P. did a business transaction with cited corporations: "Imperva, Pin Inc, and ForgeRock".

The Plaintiff wrote a letter to Thoma Bravo, L.P. dated is June 20,2023, part of the Dock# 8-1 page 6. After, Thoma Bravo L.P. appear, at LinkedIn explaining their work and acquisition of Imperva, Inc, and Ping Identity Corp, and ForgeRock Corp, companies working in digital identity. (1/23/24 Dock # 38 Exhibit 1, pages, 64,65,66, and 67).

As set out in files and on his own website and social media posts such as "LinkedIn -Behind the Deal", they explain the transaction with another Corporations using the concept or subject matter of the Plaintiff and working with the original conceptualization of digital identifications, in a virtual platform, which constitutes a violation of infringement of the Copyright Law and the Patent Law.

Indirect patent infringement requires that the accused infringer have knowledge of the asserted patent, the plaintiff is bringing a claim for indirect infringement and plead about the defendants having knowledge infringed the copyright and patents of the Plaintiff presented the evidence in the Complaint to this Hon. Federal Court.

The plaintiff has been diligent in obtaining relevant responses from the defendants and raised, concerns about compliance with the rules after she works for ten years and five months. (10.5 years) in the patent and judicial complaint.

The Plaintiff have the knowledge and evidence it has been presented before which shows Thoma Bravo L.P. wrote, about doing business with Imperva and after with Ping Inc. and ForgeRock in Publication Behind the Deal" in the prior Motion Docket# 95 to Thoma Bravo LP representative. The Plaintiff included prior, evidence about the improper action to use the conceptualization and subject matter and claims of the Plaintiff Copyright and Patents,

"Officially Authorized Identification Virtual Cards", digital identification, it will go in a digital platform as specify in the patents by the Plaintiff. it will be Microsoft, Apple Corporation, IBM, Samsung or any other. According to the 35 U.S. Code § 271 - Infringement of patent citation

"(d)No patent owner otherwise entitled to relief for infringement or contributory infringement of a patent shall be denied relief or deemed guilty of misuse or illegal extension of the patent right by reason of his having done one or more of the following: (1) derived revenue from acts which if performed by another without his consent would constitute contributory infringement of the patent; (2) licensed or authorized another to perform acts which if performed without his consent would constitute contributory infringement of the patent; (3) sought to enforce his patent rights against infringement or contributory infringement; (4) refused to license or use any rights to the patent; or (5) conditioned the license of any rights to the patent or the sale of the patented product on the acquisition of a license to rights in another patent or purchase of a separate product, unless, in view of the circumstances, the patent owner has market power in the relevant market for the patent or patented product on which the license or sale is conditioned."

The Patent Law is clear in stablishing the "Inducement of infringement" and states:

" any person who actively induces infringement of a patent is liable as an infringer (see 35 U.S.C. § 271(b). Inducement of infringement refers to a situation where a person encourages or facilitates another person to directly infringe on a patent. This form of secondary liability for patent infringement is prohibited under 35 U.S.C. § 271(b).

To establish liability for inducement of infringement, it is necessary to prove that the accused person knew of the patent in question and that their actions would lead to infringement. Circumstantial evidence of intent can be sufficient to establish liability. For example, in the case of DSU Med. Corp. v. JMS Co., Ltd., the Federal Circuit held that evidence of a defendant's knowledge of the patent, as well as their actions in promoting the infringing product, were sufficient to establish intent to induce infringement.

There is enough evidence on the website of Pin Inc, https://www.pingidentity.com

They declared a unification with ForceRock to work with the security of Digital Identity recently as year 2024. They are working with the Claims of Plaintiff: identity, verification, authorization and integration of demographic and biometric data of users requesting a digital identification. A citation of Pin Inc. is critical and have a potential effect on the authorization of identification of people in a society and their social and economic problems.

They explain:

"PingOne Neo Decentralized Identity is Here Neo gives control of identity data back to your users. It lets you verify IDs, documents and identity claims including driving licenses, and issue digital credentials based on those. Users can share digital credentials with organizations to prove quickly and effortlessly who they are".

"A verifiable credential consists of any attribute that can be attached to a person. It contains important information about the verifiable credential including the issuer, who it was issued to, specific identity attributes, when it expires, and cryptographic proof to ensure the provenance of the verifiable credential".

In the case of Global-Tech Appliances, Inc. v. SEB S.A. (2011) the defendant committed and promote, actively the inducement to infringe the Plaintiff Patents. A patent is a property right granted by a sovereign authority to an inventor. This grant provides the inventor with exclusive rights to the patented process, design, or invention for a designated period. In exchange for these rights, the inventor must provide a comprehensive disclosure of the invention.

"On May 31, 2011, the Supreme Court issued its decision in Global-Tech Appliances, Inc. v. SEB S.A., a case involving the proper legal standard for inducing infringement of a patent under 35 U.S.C. § 271(b). By an 8-1 vote, the Court held that liability under § 271(b) requires specific intent—i.e., that the accused inducer have knowledge that the induced acts constitute patent infringement. The Court further held, however, that this "knowledge" requirement can be met by showing "willful blindness" by the defendant, i.e., that the defendant (1) "subjectively believe[s] that there is a high probability" that a patent exists and that the defendant's acts infringe that patent; and (2) "take[s] deliberate actions to avoid learning" about those facts.

In so holding, the Court rejected the Federal Circuit's "deliberate indifference" test for intent in favor of its newly announced "willful blindness" standard. In a lone dissent, Justice Kennedy opposed the majority's view that willful blindness could amount to actual knowledge, and warned of the ramifications of equating such a standard with knowledge.

Also, the Pin INC , and ForgeRock declared in website:

"A Winning Combination for Customers, Best-in-class solutions bring benefits for both Ping and ForgeRock customers, One Trusted Vendor, Unparalleled identity expertise, services, and governance for all identity types from a single market-leading vendor.

"Unmatched Flexibility. Extraordinary experiences using your full stack of identity services and environments, delivered how you want it. Identity Innovation, we're shaping the identity

landscape with forward-thinking innovations that let you stay ahead of the curve. Global Reach, Local Care".

Section 271(b) of Title 35, United States Code, provides that "whoever actively induces the infringement of a patent shall be liable as an infringer." The term "inducement" covers a range of actions by which one might cause, urge, encourage, or aid another to infringe a patent.

In Commil USA, LLC v. Cisco Systems, Inc., 575 U.S. 632 (2015).  Commil USA LLC, holder of a patent for a method of implementing short-range wireless networks, sued, claiming that Cisco Systems, a maker and seller of wireless networking equipment, had directly infringed Commil's patent in its networking equipment and had induced others to infringe the patent by selling the infringing equipment for use.

"Orderly administration of the patent system requires courts to interpret and implement the statutory framework to determine the procedures and sequences that the parties must follow to prove the act of wrongful inducement and any related issues of patent validity. Accused inducers who believe a patent is invalid have other, proper ways to obtain a ruling to that effect, including seeking expart reexamination."

https://supreme.justia.com/cases/federal/us/575/632/

The damages have been incalculable, and Compensation requested to Thales Corporation is $170.0 million in the lower scenario and $25.0 million to the Government of Puerto Rico to damages to the Plaintiff.  Apple Corporation has been analyzed priorly as part of the complaint and a relief of $100.0 million as well Thoma Bravo, LP.

They have been doing business with the Plaintiff ideas, subject matter and claims explained in copyright and patents Corporation since Copyright in 2012 and Patent Application on June 15, 2015 and, use and copy between 2019 up to 2023.  and all the damages described in the Complaint in details and in Affidavit in exhibits (Docket # 38-1 pages, Confidential Screening Report by College of Mayaguez ,TTO , page 42, Affidavits pages 76-80).

The Plaintiff pledge to the Federal Court the assignment of responsibility to defendants and the Federal Court to do Justice in the merits of Law and evidence through on time judgement by the Hon. Federal Court District 1 and, the Hon. Aida Delgado Colon, Judge. It is necessary to weight the Plaintiff arguments and evidence presented in this case.

It is of crucial the attention to a legal case like this one, even though the occurrence of different events in the social, economic, and political context of our society in Puerto Rico, the Territory of United States of America.

The Plaintiff if available to discuss and agreement and settlement between the parts.

I am pleading to the Hon. Aida Delgado Colon, a Judgement related to the Plaintiff rights as inventor and infringement by Defendants.

I believe in God and the Justice.

Evelyn Laureano-Osorio, Plaintiff

23