THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EVELYN LAUREANO-OSORIO,**

   **Plaintiff,**

   v.

**THALES DIS USA, INC., et al.,**

   **Defendants.**

Civ. No. 23-1397 (ADC)

**OPINION AND ORDER**

**I.**    **Introduction**

Plaintiff Evelyn Laureano-Osorio ("plaintiff") filed a complaint *pro se* against several defendants alleging copyright and patent infringement. **ECF No. 22**. Plaintiff's claims are anything but clear, and most of her allegations border on the unintelligible. *Id*. Yet, the Court has striven (and does so here) to read the operative pleading in the terms most favorable to plaintiff, as allowed by the Federal Rules of Civil Procedure.

As the Court understands it, plaintiff seems to claim that she developed some sort of identification technology, which she claims to have copyrighted in 2012 and patented in 2015. **ECF No. 22** at 3-5.[1] At some point in time, plaintiff allegedly pitched her idea to government

---

[1] A more precise background based on defendant's submissions is included in the discussion section of this Opinion & Order. The Court has considered defendant Thales DIS USA, Inc.'s submission in its motion to dismiss of the copyright and patents which plaintiff's claims are purportedly based on. See **ECF Nos. 44-1, 44-2, 44-3** (attached copies of U.S. Patent Nos. 10,755,265, 11,126,999, and 11,610,196 and copy of deposit for Copyright TX001803905).

officials of the Commonwealth of Puerto Rico officials as well as to private companies. *Id*., at 3-8. Plaintiff claims that her "invention" was copied and that she is entitled to relief against defendants for their infringement on her copyright and patent rights. Plaintiff claims that defendants have illegally used and/or copied her "original copyright… and… patents… of Digital Identifications name: My Personal Identification Mobile Wallet… and Officially Authorized Identification Virtual Cards." *Id*., at 1. Plaintiff seeks billions of dollars in damages against defendants and asserts a general claim for injunctive relief.[2]

All defendants— The Commonwealth of Puerto Rico ("Commonwealth"), Thales-Group Corporation's ("Thales"), Apple, Inc.'s ("Apple"), and Thoma Bravo, L.P.'s ("Thoma Bravo" and together with Thales and Apple, "defendants")—moved to dismiss the complaint on several grounds. On September 30, 2024, the Court granted the Commonwealth's motion on the basis that the claims were precluded by the Commonwealth's sovereign immunity. **ECF No. 113.** A few days later, the Court issued an Order granting Thales' motion to dismiss indicating that the Court's opinion and judgment would follow. **ECF No. 114**. Given the similarities between the remaining defendants' motions to dismiss and that of Thales, the Court has prepared this Opinion and Order addressing all three motions. As discussed below, defendants' motions to dismiss at **ECF Nos. 44, 78**, and **81** are **GRANTED** and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

---

[2] *See* **ECF No. 22** at 27 (claiming damages in the amount of $2,162,500,000.00).

## II.    Procedural Background

Pending before the Court are Thales, Apple, and Thoma Bravo's motions to dismiss. **ECF Nos. 44, 78, 81**. In essence, defendants move for dismissal for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), improper venue under Fed. R. Civ. P. 12(b)(3), and 28 U.S.C. § 1400(a) and (b). Responses and replies followed. **ECF No. 46**, **60, 66, 95, 98, 100, 106**.

## III.    Legal Standard

### A.    Dismissal under Federal Rule of Civil Procedure 12(b)(6).

It is well settled that in reviewing a motion for failure to state a claim upon which relief can be granted, the Court accepts "as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). Only "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc); *see Ingeniador, LLC v. Interwoven*, 874 F. Supp. 2d 56, 67 (D.P.R. 2012)(applying plausibility test to patent cases).

The First Circuit established a two-prong test to evaluate "plausibility" under Fed. R. Civ. P 12(b)(6). *See    Ocasio-Hernández    v. Fortuño-Burset*,    640    F.3d    1,    12    (1st    Cir.    2011) (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican*

*State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79.

Second, the court must then "take the complaint's well-[pleaded] (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55. Plausible "means something more than merely possible." *Id.* (citing *Iqbal*, 556 U.S. at 678-79). To survive a Rule 12(b)(6) motion, a plaintiff must allege more than a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

**B.     Dismissal under Federal Rule of Civil Procedure 12(b)(3).**

A defendant may move to dismiss a complaint for having been filed in an improper venue. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). Once challenged, a plaintiff bears the burden of establishing the propriety of the chosen venue. *See Cordis Copr. v. Cardaic Pacemakers*, 599 F.2d 1085, 1086 (1st Cir. 1979). The Court may consider the complaint's well-pleaded factual allegations, unless they are rebutted by other evidence submitted to the Court for consideration, such as affidavits. *See, e.g.*, *Krick v. Raytheon Co.*, 695 F. Supp. 3d 202 (D. Mass. 2023) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1352 (3rd ed. 2004)); *GRJG, Inc. v. Sokol*, No. Civ. No. 10-1542 (DRD/BJM), 2011 WL 13319679, at *1 (D.P.R. June 21, 2011), *report and recommendation adopted*, Civ. No. 10-1542(DRD), 2011 WL 13319680 (D.P.R. Sept. 27, 2011); *Steen Seijo v. Miller*, 425 F. Supp. 2d 194 (D.P.R. 2006)

### C. Pro Se Litigant

Courts construe a *pro se* plaintiff's complaint liberally,[3] but "there is a long line of authority rejecting the notion that *pro se* litigants in [] civil… cases are entitled to extra procedural swaddling." *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994). "[A] litigant's pro se status does not absolve [her] from compliance with the Federal Rules of Civil Procedure. This applies with equal force to a district court's procedural rules." *F.D.I.C. v. Anchor Properties*, 13 F.3d 27, 31 (1st Cir. 1994)(cleaned up); *Eagle Eye Fishing Corp.*, 20 F.3d at 506 (denying "special solicitude" to a *pro se* litigant because "he knowingly chose to handle their own defense, forsaking professional assistance.").

Plaintiff has been warned on several occasions by the Court of the risks of forgoing the assistance of counsel, but she has neither requested the appointment of one nor retained one on her own. *See, e.g.*, **ECF No. 89.** Therefore, the Court will liberally construe plaintiff's filings, but plaintiff will nonetheless bear the consequences of her actions and omissions like any other litigant. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985)(the "right of self-representation is not a license not to comply with relevant rules of procedural and substantive law." (internal quotation marks omitted)).

### IV. Discussion

Given the unprecise allegations in the complaint and the fact that plaintiff did not submit documents evincing her patents and copyright, the Court relies on defendants' submissions to

---

[3] *Erickson v. Pardus*, 551 U.S. 89 (2007).

supply the factual context. Based on the information available on the record, plaintiff alleges infringement of three patents, U.S. Patent Nos. 10,755,265 ("265 patent"), 11,126,999 ("999 patent"), and 11,610,196 ("196 patent"), and a registered copyright, Copyright No. TXU001803905. *See* **ECF Nos. 44-1** to **44-5**. Plaintiff's patents apparently derive from an application for a "transaction management system" filed by plaintiff in 2015 related to digital identification technology. All three patents (titled "Officially Authorized Virtual Identification Cards"), contain eighteen "claims" in enumerated paragraphs and five drawings. *Id*. In the "abstract" section, plaintiff describes her alleged invention as a "system that allows users to display valid identification via a mobile device. Authentic and valid IDs and secure folders are verified by a certificate authority. Statistical techniques are applied to automatically determine the consistency and reliability of user data. Context is automatically determined to display data according to the context." **ECF Nos. 44-1** at 2; **44-2** at 2; **44-3** at 2. It is these three patents and one copyright which form the basis of plaintiff's complaint.

In further consideration of plaintiff's *pro se* status, the Court will address each motion to dismiss in turn even though the grounds for dismissal apply to all defendants uniformly.[4]

### A. Thales's motion to dismiss.

Thales moves to dismiss under Fed. R. Civ. P. 8(a), 10(b), 12(B)(6). **ECF No. 44**. It also argues improper venue pursuant to 28 U.S.C. §1400(a) and (b) and moves for dismissal under

---

[4] The Court would have preferred to streamline its discussion of the arguments and grounds for dismissal in a single section. But, in consideration to plaintiff's *pro se* status, the Court will divide its analysis in an effort to track plaintiff's allegations in the complaint.

Fed. R. Civ. P. 12(b)(3). Thales correctly points out that it is difficult to discern which allegations are levelled against it specifically and, thus, the complaint does not give it proper notice of the claims it faces. *Id.*, at 10. Even then, it argues, the amended complaint is wholly conclusory as it only contains general conclusory statements of patent and copyright infringement without any factual support. *Id*. Reading the complaint as well as the documents submitted by the parties (referenced in the operative pleading) in the light most favorable to plaintiff, the allegations fail to state a plausible claim for patent and copyright infringement.

### 1. Plaintiff's patents claim against Thales.

Infringement of a patent is committed by "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor…." 35 U.S.C. §271(a). Of particular relevance here, plaintiff must allege "that each and every limitation set forth in a claim appear in an accused product." *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016) (quoting *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005)). Plaintiff can do so "either literally or by the doctrine of equivalents." *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013). "To establish literal infringement, every limitation set forth in a claim must be found in the accused product, exactly." *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1319 (Fed. Cir. 2015). "Under the doctrine of equivalents, 'a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is equivalence between the elements

of the accused product or process and the claimed elements of the patented invention.'" *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 469 F.3d 1005, 1016 (Fed. Cir. 2006) (citing *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)).

A review of plaintiff's patents shows that they each contain eighteen "claims" with elements of a "transaction management system." **ECF Nos. 44-1**; **44-2**; **44-3**. For this type of claims to be infringed (*i.e.* system claims), the defendant must "combine **all** of the claim elements" to make the patented system. *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l*, 631 F.3d 1279, 1288 (Fed. Cir. 2011)(emphasis added); *MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir. 2005) ("If . . . even one claim limitation is missing or not met, there is no literal infringement."). Thales correctly argues that plaintiff made no such allegation. Even if the complaint is liberally construed, there are no allegations stating that a Thales product or patent combine all elements of plaintiff's invention. Plaintiff's general and conclusory allegations indicating that defendants used "similar words" fall utterly short of the required notice to a defendant. The web printouts of Thales's webpage submitted by plaintiff (even if accurate) fail to carry the day as they do not contain the necessary elements nor does plaintiff allege that the accused product combined all of the systems claims' elements of plaintiff's patent. *See Pure Parlay, LLC v. Stadium Tech. Gp., Inc.*, 2020 WL 569880, at *2-3 (D. Nev. 2020) (finding complaint insufficient since it did not "contain factual content indicating how Defendants' software practices each element of the patented method"); *Ingeniador, LLC v. Interwoven*, 874 F. Supp. 2d 56, 68-69 (D.P.R. 2012)(finding only conclusory statements where "none of the

allegations against the parties… state which claim of the [asserted patent] Defendants have allegedly infringed. Plaintiff simply gives a general description of a product sold by each Defendant, then states that product infringes upon 'one or more claims of the [asserted patent] to the injury of Ingeniador."). There is no question, the complaint "fails—and does not event attempt—to show that any claim limitation, let alone the required combination of all claim elements, appear in any Thales product." **ECF No. 44** at 12. As such, it fails to state a patent infringement claim against Thales.

### 2.  Plaintiff's copyright claim against Thales.

To establish copyright infringement, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Lotus Dev. Corp. v. Borland Intern., Inc.*, 49 F.3d 807, 813 (1st Cir. 1995), *aff'd*, 516 U.S. 233 (1996)(quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)). For present purposes, the Court will assume that plaintiff satisfies the first prong. Now, "[t]o show actionable copying and therefore satisfy *Feist*'s second prong, a plaintiff must first prove that the alleged infringer copied plaintiff's copyrighted work as a factual matter." *Id*. (citing *Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994)). To satisfy this exigency, "direct evidence of factual copying or, if that is unavailable, evidence that the alleged infringer had access to the copyrighted work and that the offending and copyrighted works are so similar that the court may infer that there was factual copying (*i.e.*, probative similarity)" is required. *Id*. In

the next step, "plaintiff must then prove that the copying of copyrighted material was so extensive that it rendered the offending and copyrighted works substantially similar." *Id*.

The complaint in this case fails at the threshold. It does not allege that Thales (or any other co-defendant) accessed or copied constituent elements of any original work or that Thales's and plaintiff's copyrighted work are similar. Moreover, plaintiff did not identify an alleged offending work from Thales. Thales explains that this omission is only natural because "Plaintiff's copyright TXU001803905 only covers certain content of her patent application and nothing more." **ECF No. 44** at 16. In any event, the copyright protection would not be available for the name and or description of the text included in plaintiff's patents. Thus, plaintiff's copyright claims must be dismissed as matter of law. *Cortés v. Sony Corp. of Am.*, 108 F. Supp. 3d 18, 27 (D.P.R. 2015), *aff'd sub nom. Cortés-Ramos v. Sony Corp. of Am.*, 836 F.3d 128 (1st Cir. 2016)("Plaintiff does not allege that Defendants copied Plaintiff's copyrighted work as a factual matter. Instead, Plaintiff asserts that … [it] was almost identical to the one he composed… but provides no additional factual allegations to support his claim that the works were almost identical. In addition… Plaintiff… does not provide facts as to how the works are so similar that the court may infer that there was factual copying."). Accordingly, plaintiff's allegations fail to state a claim for relief under copyright law against Thales.

**B.     Apple's motion to dismiss.**

Apple also moves to dismiss under Fed. R. Civ. P. 12(b)(6) and because this District Court is the improper venue according to 28 U.S.C. §1400(b) and Fed. R. Civ. P. 12(B)(3).

### 1. Plaintiff's patent claim against Apple.

Apple argues that the complaint does not specify which patent claims plaintiff is asserting, which Apple products allegedly infringe, and how those Apple products allegedly do so. Instead of providing notice on those vital issues, Apple argues, plaintiff only points to Apple's obtaining an allegedly related U.S. patent (No. 10,972,459 ("459 patent")). Moreover, plaintiff generally claims that Apple infringed plaintiff's patents by obtaining (the complaint does not explain how or when) the 459 patent. *See* **ECF No. 22** at 9. She claims that Apple "used six different inventors (6) to do a copy… using different vocabulary but at the end [sic] the same product." *Id*. Regardless of the truth of plaintiff's allegations, Apple sustains that any comparison between plaintiff's and 459 patent fails to state a claim for relief because it does not compare plaintiff's patent to any Apple product. **ECF No. 78** at 12. The Court agrees. The allegations are wholly conclusory at best and do not pass muster under the applicable plausibility test for patent claims.

First, plaintiff's allegations fail to compare any Apple's system to any claim limitation of her patents. *See Golden v. Qualcomm Inc*., No. 2023-1818, 2023 WL 6561044, at *2 (Fed. Cir. 2023) *cert. denied*, 2024 WL 1143679 (Mar. 18, 2004) (plaintiff failed to state a claim where it did not "identify which specific claims of the asserted patents are being infringed," "clearly identify which [of the defendant's] products infringe the asserted patents," or "adequately explain how [the defendant's] products infringe the asserted patent claims").

Second, evaluating the claims with a finer-tooth comb only corroborates the complaint's failure to state a plausible claim. If Apple does have a similar product or service, plaintiff only accuses Apple of copying her patents in part ("in a 90%").[5] **ECF No. 22** at 9, 16. Unfortunately for plaintiff, Apple is right when it argues that "a product or system that satisfies only 90% of the claim limitations and that omits others cannot infringe." **ECF No. 78** at 16. As discussed before, it was plaintiff's burden to show infringement. To do so, plaintiff needed to allege that "every limitation set forth in a claim must be found in an accused product, exactly." *Duncan Parking Techs., Inc. v. IPS Group, Inc.*, 914 F.3d 1347, 1360 (Fed. Cir. 2019)(quoting *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)). Furthermore, filling (and obtaining) a patent such as the alleged 459 patent "is not the making, using, offering to sell, selling, or importing of an invention." *Classen Immunotherapies, Inc. v. Elan Pharms., Inc.*, 786 F.3d 892, 898 (Fed. Cir. 2015). For these reasons, the complaint fails to state a patent infringement claim against Apple.

### 2. Plaintiff's copyright claims against Apple.

Plaintiff's copyright claims against Apple fail for the same reason they failed against Thales. It is well settled that "the copyright for a work describing how to perform a process does not extend to the process itself." *Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga*, LLC, 803 F.3d 1032, 1037-38 (9th Cir. 2015). At the risk of oversimplifying the law, copyright may protect a cookbook, but not its recipes. *See Publ'ns Int'l, Ltd. v. Meredith Corp.*, 88 F.3d 473, 481 (7th Cir.

---

[5] This is also true for the patent infringement claims against Thales and Thoma Bravo.

1996). Reading the complaint in plaintiff's favor, the allegations against defendants arise from their alleged copy of plaintiff's ideas using "different words" or semantics. **ECF No. 22** at 9. But copying her ideas, which is not the same as copying plaintiff's expression of her ideas (the cookbook), the Court is left with no choice but to dismiss her copyright claims against Apple, too. Thus, overlooking the fact that the complaint lacks factual allegations to reach plausibility, it fails as a matter of law because no relief can be granted. Fed. R. Civ. P. 12(b)(6). The copyright infringement claims against Apple must therefore be dismissed.

    **C.**        **Thoma Bravo, L.P.'s motion to dismiss.**

Thoma Bravo also moves to have the complaint dismissed on the same grounds as its co-defendants. **ECF No. 81**. It correctly argues that plaintiff failed to assert claims directly against it and that it is unable to discern which factual assertion is related to their alleged infringement.[6] Moreover, even if the Court construed the complaint's conclusory statements as factual allegations against it, Thoma Bravo argues they nonetheless fail to state a claim for relief under patent or copyright law.

---

[6] Thoma Bravo argues that the complaint is a "shotgun" pleading and that it should be dismissed on this ground alone. **ECF No. 81** at 6-11. The Court is not confident such argument would prevail. *See U.S. ex rel. Est. of Cunningham v. Millennium Laboratories of California, Inc.*, 713 F.3d 662, 664 (1st Cir. 2013)(refusing to dismiss based on the shotgun nature of a pleading and nothing instead that "a pleading deficiency is usually addressed by motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e)"); *see also Cunningham v. S.W. Airlines*, 21-1328 (ADC), 2024 WL 2188865, at *3 (D.P.R. May 15, 2024). However, since the complaint fails to state a claim for relief and was filed in the wrong venue, the Court need not address this argument any further. The Court will note, however, that Thoma Bravo's motion is itself not a paragon of clarity.

### 1.    Plaintiff's patent claim against Thoma Bravo.

Like his co-defendants, Thoma Bravo also correctly argues that the complaint fails to state a claim for patent infringement because it lacks factual allegations sufficient to elevate plaintiff's claims to the plausibility realm. **ECF No. 81** at 1-12; *see Ingeniador*, at 70 ("A plaintiff must rely upon sufficient factual material to support an infringement claim."). But even if it did, Thoma Bravo argues that plaintiff has no possible relief available under patent law. In support, it asserts that the complaint contains no claim that Thoma Bravo used or sold any of her patented inventions. That omission alone forecloses on plaintiff's chances of seeking direct patent infringement. *See Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358, 1369 (Fed. Cir. 2021) (quoting *Centillion*, 631 F.3d at 1284 )(reiterating that direct infringement requires "use of each and every element of the system as listed in the patent."). Even if plaintiff's allegations included in the complaint's "comparative table" were true, (**ECF No. 22** at 25-27) plaintiff fails to assert the patent claims that are infringed by any of Thoma Bravo products and the required element-by-element claim. Therefore, dismissal of the patent infringement claims against Thoma Bravo is proper under Fed. R. Civ. P. 12(b)(6).

### 2.    Plaintiff's copyright claim against Thoma Bravo.

Thoma Bravo correctly posits that "it is entirely unclear what Thoma Bravo… has been accused of unlawfully copying… Plaintiff states no facts alleging that Thoma Bravo: 1) had any access to Plaintiff's copyrighted work; or 2) that Thoma Bravo created a substantially similar work." **ECF No. 81** at 13. Indeed, the complaint does not state any non-conclusory claims as to

how and what Thoma Bravo copied. As such, the complaint fails to "allege sufficient facts that comply with the basic elements" of copyright infringement against it. *Id.; see also Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Moreover, plaintiff's failure to state a claim for direct infringement necessarily precludes her from establishing any plausible inducement, contributory, or vicarious infringement claims, as well. *See Ingeniador*, 874 F. Supp. 2d at 69 (citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004); e-*Steps, LLC v. Ams. Leading Fin., LLC,* No. 19-1637CCC, 2019 WL 9834429, at *5 (D.P.R. Sept. 25, 2019) (secondary copyright infringement requires pleading direct infringement). Thus, plaintiff's copyright infringement claims against Thoma Bravo must be dismissed as they fail to state a claim for relief.

### D. Venue

As an independent and alternative ground for dismissal, all defendants argue that plaintiff filed her complaint in the wrong venue. Accordingly, they argue the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3). The Court agrees.

Section 1400 of Title 28, U.S. Code, provides that:

(a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found.

(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

28 U.S.C. § 1400. "[R]esidence in § 1400(b) refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. 258, 270 (2017). Thus, a "defendant in a copyright infringement action . . . 'may be found' and subject to venue only in the districts where there is personal jurisdiction." *Alicea v. LT's Benjamin Recs.*, 762 F. Supp. 2d 299, 310 (D. Mass. 2011) (citation omitted)). "[T]here are three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1014–15 (Fed. Cir. 2018)(quoting *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id*.

All three remaining defendants moved for dismissal based on improper venue grounds since they are not incorporated in Puerto Rico and the complaint contains no well-pleaded allegations stating otherwise. In this case, plaintiff has not shown that defendants reside in or have a regular and established place of business in Puerto Rico. Although plaintiff has had ample opportunity, she did not rebut or even clarify the issue for § 1400 purposes in her responses and sur-replies. Under 28 U.S.C. § 1400, the plaintiff has the burden of establishing proper venue. *Celgene Corp. v. Mylan Pharm. Inc.*, 17 F.4th 1111, 1119 (Fed. Cir. 2021)(citing *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1287 (Fed. Cir. 2021)). Considering that this is not plaintiff's first action in this District for the exact same alleged infringements, *see Laureano Osorio v. Achim Pantfoerder*, *et al.*, 22-1204 (WGY), and the many opportunities this Court has

granted plaintiff, dismissal is warranted pursuant to 28 U.S.C. § 1400. Therefore, the Court would be left with little choice but to grant dismissal on this alterative ground for dismissal.

V.      **Conclusion**

In light of the foregoing and for the reasons stated in the motions at **ECF Nos. 44, 78, 81**, which are hereby **GRANTED** (*see* **ECF No. 114** granting **ECF No. 44**) the complaint is **DISMISSED WITH PREJUDICE**. All other motions pending in the case docket are **DENIED** as **MOOT**. The Clerk of Court shall enter final judgment dismissing all claims accordingly.[7]

**SO ORDERED**.

At San Juan, Puerto Rico, on this 28th day of February 2025.

                                                                **S/AIDA M. DELGADO-COLÓN**
                                                                **United States District Judge**

---

[7] The judgment shall be the final judgment from which an appeal as of right may be had under Fed. R. App. P. 4(a)(1)(A).